Ida T. BUSH, Plaintiff Below, Appellant,

v.

The CITY OF DOVER, a Municipal Corporation of the State of Delaware, Defendant Below, Appellee.

Gustav KONSCHAK and Matilda Konschak, Plaintiffs Below, Appellants,

v.

The CITY OF DOVER, a Municipal Corporation of the State of Delaware, Defendant Below, Appellee.

Supreme Court of Delaware.

Nov. 21, 1969.

G. Francis Autman, Jr., Dover, for plaintiffs below, appellants.

Nicholas H. Rodriguez, City Solicitor, Dover, for defendant below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The plaintiffs seek to enjoin the City of Dover from installing sidewalks contiguous to their properties, and from assessing and collecting the costs thereof from the plaintiffs. The Chancery Court dismissed the complaint for failure to state a claim upon which relief may be granted. The plaintiffs appeal.

I.

The case is governed by 36 Del.L.Ch. 158, Sec. 28 as amended (see 37 Del.L.Ch. 152 and 56 Del.L.Ch. 49) which grants to the Council of Dover the "power to pave or repave, or to cause to be paved or repaved, the streets and sidewalks of the City."

Section 28 A makes certain prerequisites for the installation of sidewalks: The Council must determine that the condition of the streets requires sidewalks. This was done in the instant case by appropriate resolution. Next, the City Manager must give written notice to the owners of the "property affected" by such action of the Council. Such notice was given to the plaintiffs. The owners are then required to install contiguous sidewalks within the time allotted, or the sidewalks may be installed by the City with the costs thereof assessed against the property owner and collected as prescribed by Section 28 C.

Section 28 C specifies the following procedures for assessment and collection: The Council must enact an appropriate ordinance prescribing (1) the bases for the assessment; (2) the special handling of corner properties; (3) provisions for payment; and (4) rules for appeal of the assessment. Such ordinance has not been adopted in the instant case.

The installation of the subject sidewalks has been stayed by agreement pending the outcome of this litigation.

II.

The sidewalks in the instant case are to be constructed on street right-of-way owned by the City. Accordingly, the plaintiffs can complain only insofar as they may ultimately be called upon to pay for the installation. In this connection, they contend that "special benefits" to the plaintiffs' properties have not been shown as required by Section 28 C, and that the ordinance required for assessment and collection has not been enacted.

The difficulty with the plaintiffs' contentions is that they are premature. The City has not yet reached the stages of assessment and collection. When it reaches those stages, the plaintiffs' contentions may be timely; until then, they are premature. After the work has been done and the cost becomes known, and before the City proceeds with assessment and collection, it must be assumed that the City will comply with the provisions of Section 28 C. The plaintiffs must await the orderly sequence of events; and if they are ultimately aggrieved, they may then seek their remedy.

Affirmed.